IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIKE ALLEN.,

    *Plaintiff*,

vs.

KRAIG KNOWLTON and ANGIE KRAHE,

    *Defendants*.

Case No. 22-4049-EFM

**MEMORANDUM AND ORDER**

    Plaintiff Mike Allen alleges that "he has been applying for employment with the state of KS for several years [sic]," but that due to bias in the selection process his "prospects for employment with the state are null." He filed this action against Kraig Knowlton, Director of the Kansas Office of Personnel Services, and Angie Krahe, one of the Office's recruiters, on September 22, 2022. The Magistrate Judge authorized Plaintiff to proceed in forma pauperis, and directed Plaintiff to prepare summons for service by the Clerk of the Court.

    The United States Marshal delivered copies of the summons to Defendants at addresses provided by Plaintiff. Two days after the required response time, Plaintiff subsequently applied for, and obtained, Clerk's entry of default, which was entered on November 1, 2022. The matter is now before the Court on Plaintiff's Motion for Default Judgment. (Doc. 13).

First, the Court cannot enter default judgment where the Plaintiff fails to specifically define what relief he is requesting.[1]  Here, Plaintiff's Complaint seeks "[t]he base dollar amount: $75,000," and complains of actions by both Defendants but also other unnamed persons working for the State of Kansas.  The Motion for Default Judgment does not attempt to document any particular damages, or apportion them among the named Defendants.

More fundamentally, Plaintiff has not demonstrated effective service on Defendants. "[J]udgment by default should not be entered without a determination that the court has jurisdiction over the defendant."[2]

To the extent Plaintiff is suing Defendants Knowlton and Krahe as individuals, the record fails to reflect proper service of process.  Under Fed.R.Civ.P. 4(e), service on an individual must be made either by complying with relevant state law, or by following any of three options:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

[1] *Triplett v. Triplett*, 2005 WL 2122801, at *1 (D. Kan. 2005) (denying default judgment where pro se complaint was "so rambling and incoherent that the court is unclear as to what claims plaintiff asserts and what relief he seeks").

[2] *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).  *See also Smith v. Galen of Kan., Inc.*, 2002 WL 500579, at *1 (D. Kan. 2002) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant.") (citations and internal quotations omitted).

None of these options was employed here. Defendants were not personally served, process was not left at their dwelling or usual place of abode, and there is no evidence of service on an authorized agent.

The United States Marshal Service Process Receipt and Return (USM-285) form shows that service was sent to the Kansas Department of Administration and to the Curtis State Office Building by mail. Although the Docket reports that summons was sent by certified mail, no actual return receipt is filed. Instead, the attached tracking information only shows that in both cases the mailing was sent September 30, 2022 and four days later, with the notation: "Individual Picked Up at Postal Facility." There is no information as to the identity of the person who retrieved the mailing.

This court has previously acknowledged that a USM-285 form which merely relates the facts of a first class mailing may be insufficient to show that a defendant has been "effectively served with a copy of the complaint in this action," a prerequisite to entry of default judgment.[3]

Nor is such service consistent with state law. K.S.A. 60-304(a) provides that for individuals, "[s]ervice by return receipt delivery must be addressed to an individual at the individual's dwelling or usual place of abode and to an authorized agent at the agent's usual or designated address." Again, the record indicates only that service was mailed to a state office complex which employs hundreds of persons, and picked up by an unidentified "Individual."

Alternatively, Plaintiff may be seeking recovery against the State of Kansas. His Motion for Default Judgment does not mention any particular misconduct by Defendant Knowlton, only the "egregious favoritism that has prevailed at the Kansas Office of Personnel Services." The

---

[3] *Finch v.* Little, 2012 WL 1883722, at *1 (D. Kan. 2012).

Motion states that Defendant Krahe ignored his request for an interview, but complains "[l]ikewise my pervious applications for other jobs were denied by other recruiters," which has occurred "over the years."

To the extent Plaintiff is seeking recovery against the State of Kansas, and not purely against Knowlton and Krahe as individuals, he has not obtained proper service of process. Under Rule 4(j)(2), service of process against the State or one of is subdivisions must be either delivered to its chief executive officer, or otherwise served in a manner consistent with Kansas law. "Delivery" under Rule 4(j)(2)(A) cannot be accomplished by the use of certified mail."[4]

Under K.S.A. 60-304(d)(5) service of process on the State of Kansas must be made by serving the attorney general or assistant attorney general. "Under Kansas law, '[w]hen the statute designates a particular officer to whom process must be delivered and with whom it may be left, . . . no other officer or person can be substituted in [her] place. The designation of one particular officer upon whom service may be made excludes all others.' "[5] Unlike the federal rule, which as noted above requires personal delivery on the chief executive officer of an agency, K.S.A. 60-304(d) contemplates "[s]ervice by return receipt delivery," as the statute specifies that such mail "must be addressed to the appropriate official at the official's governmental office."

"The purpose of requiring service upon the Attorney General or an Assistant Attorney General is to insure the prompt notification of the Attorney General's office of all legal actions

---

[4] *White v. Holloway*, 2020 WL 209320, at *2 (W.D. Ark. 2020*). See generally Nashville Cmty. Bail Fund v. Gentry*, 446 F. Supp. 3d 282, 299 (M.D. Tenn. 2020) (Interpreting Rule 4(j)(2), "courts have generally held that 'delivery,' as a 'term of art,' requires more than service by mail.").

[5] *Knight v. State of Ka*nsas, 1990 WL 154206, at *2 (D. Kan. 1990) (quoting *Amy v. City of Watertown*, 130 U.S. 301, 316-17 (1889))

against the state. Such service allows for the subsequent coordination and supervision of the defense by the Attorney General."[6]  Similarly, "[r]equiring personal service upon the chief executive officer of a state agency assures that the person in charge of the agency receives the service of process. Within a large agency, mail, even certified mail, can become lost. Without substantial compliance with the statute, actual notice of the suit does not confer personal jurisdiction over the defendant."[7]

The Court hereby directs the Clerk to prepare another summons for service by the United States Marshal by certified mail upon the Kansas Attorney General.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 13) is hereby **DENIED.**

**IT IS SO ORDERED.**

Dated this 9th day of November, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] *Id.*

[7] *Oltremari v. Kansas Soc. & Rehab.* Serv., 871 F.Supp. 1331, 1354 (D. Kan. 1994).