IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIKE ALLEN.,

    *Plaintiff*,

vs.

KRAIG KNOWLTON and ANGIE KRAHE,

    *Defendants*.

Case No. 22-4049-EFM

**MEMORANDUM AND ORDER**

    Pro se plaintiff Mike Allen brought this action alleging employment discrimination on the part of Kraig Knowlton, Director of the Kansas Office of Personnel Services, and Angie Krahe, one of the Office's recruiters, on September 22, 2022.  Defendants did not respond, and Plaintiff applied for, and obtained, Clerk's entry of default.

    The Court subsequently denied Plaintiff's first Motion for Default Judgment.  The Court found that, to the extent Plaintiff sought relief against Defendants purely in their individual capacities, the existing service was insufficient.  The Court further determined that Plaintiff's claims could be construed in substance as claims against Defendants in their official capacities, and directed the United States Marshal to serve the Kansas Attorney General by certified mail pursuant to K.S.A. 60-304(d)(5).

Plaintiff then moved for reconsideration of that Order. (Doc. 15). His motion, however, merely asserts that while Defendants were "perhaps not personally" served, "it is not certain that both defendants do not know of the summons." Plaintiff's claim Defendants had actual notice of the suit is not only mere conjecture, it is also irrelevant. "[A]ctual notice is insufficient, standing alone, as a substitute for proper service, particularly where a plaintiff seeks default judgment."[1] Plaintiff presents no argument at all in response to the Court's conclusion that the service previously employed (delivery by registered mail to Defendants' administrative office) was not sufficient under K.S.A. 60-304(a), and the Motion for Reconsideration is denied.

The docket reflects that service was subsequently made upon the Attorney General, and Plaintiff has since filed a renewed Motion for Default Judgment. (Doc. 19).

On February 1, 2023, the Office of the Attorney General made a limited appearance for the purpose of opposing default and default judgment. (Doc. 20). The pleading stresses that the undersigned Assistant Attorney General appears only for "these two individual defendants." The Attorney General indicates an intention to file a motion to dismiss and a motion for extension of time to respond to Plaintiff's motions, stating that the office "anticipates these filings will be made on or by February 6, 2023."

No such pleadings have been filed, and the Court hereby directs that Defendant's proposed responsive pleadings be filed on or before February 24, 2023. As noted in the Court's prior Order, the pro se Plaintiff's complaint may be taken to state a claim against Defendants

---

[1] *Davis v. California*, 2017 WL 2080627, at *2 (D. Kan. 2017) (citation omitted).

Knowlton and Krahe in their official as well as their individual capacities.[2] Accordingly, such responses shall clarify whether the representation of Defendants extends to each type of claim.

In addition, Plaintiff's Motion Calling for Default Judgment (Doc. 19) is denied without prejudice, pending the anticipated filings on behalf of Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 15) is hereby **DENIED;** Plaintiff's Motion Calling for Default Judgment (Doc. 19) is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated this 10th day of February, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Further, Plaintiff's recent Motion Calling for Default Judgment specifically alleges that "[t]he state of Kansas is liable for having representatives who do not exercise reasonable hiring methods." (Doc. 19, at 1)