IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIKE ALLEN.,

    *Plaintiff*,

vs.

KRAIG KNOWLTON and ANGIE KRAHE,

    *Defendants*.

Case No. 22-4049-EFM

**MEMORANDUM AND ORDER**

    Pro se Plaintiff Mike Allen alleges two hiring agents of the State of Kansas, Defendants Angela Krahe and Kraig Knowlton, violated his rights when they did not hire him for employment by the State.  A month after filing his September 22, 2022 Complaint, Plaintiff moved for default because Defendants had failed to respond.  The Court denied the request, finding that Defendants had not been properly served with process.  Further, the Court found that Plaintiff's Complaint was most fairly interpreted to advance claims against Defendants solely in their official capacities, and thus was in essence a claim against the State of Kansas.  The Court accordingly directed that Defendants be served by delivery of the Complaint to the Office of the Kansas Attorney General.

    Some time after Plaintiff's default judgment motion, a Deputy Attorney General filed a limited appearance, and promised responses.  Counsel stated that she "anticipates these filings

will be made on or by February 6, 2023." When these were not filed, the Court directed that the responses be filed by February 24, 2023. Counsel subsequently asked to enlarge the time for the responses, because she "has been out of the office with an unexpected health issue [which], while . . . previously known (MS), this extended interruption was very unexpected." The Court granted the request to extend the time to March 10, 2023.

The State has yet to file the promised response, but the specific issue the response which would have addressed—the previously pending default judgment—has been rendered moot. On February 10, 2023, the Court separately denied Plaintiff's Motion for Default Judgment as well as his Motion for Reconsideration requesting the same relief.

Accordingly, the only active motion now pending before the Court is Plaintiff's "Motion for Relief." The Motion does not conform to any form of pleading recognized in the Federal Rules of Civil Procedure. Plaintiff does not ask for any specific relief at the conclusion of the Motion, and prefaces the pleading with the statement he is filing the motion because "[i]t appears that the defendants will seek dismissal of this complaint. Therefore, [Plaintiff] is asking the court for relief." The Motion therefore appears to be a preemptive, hypothetical response to a motion which Defendants *might* file in the future. The Court denies the motion as precipitous.

Although, as noted above there, are now no pending motions for default judgment, the State's failure to file the promised pleadings in a timely fashion is troubling.

The docket indicates that the official capacity claims against Defendants Krahe and Knowlton were served on the Office of the Attorney General on November 21, 2022. In her March 3, 2023 pleading, counsel for the State observed (correctly), that to the extent Plaintiff was advancing individual capacity claims against these Defendants, they had not been properly

served. As noted earlier, the Court reached that conclusion in its Order of November 9, 2022. But counsel acknowledged that "[s]ervice made on the State, however, appears effective."

Under Federal Rule 12(a)(1),[1] a defendant has 21 days after service of a Complaint to file a responsive pleading. Accordingly, the State should have filed an Answer or other responsive pleading to the Complaint by December 12, 2022. The failure to timely "plead or otherwise defend" an action may entitle Plaintiff to a default.[2] "[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure."[3] If a default judgment is granted, it will be set aside only in extraordinary circumstances, such as excusable neglect.[4]

The present Order serves as notice to the State that counsel has failed to meet the expectations of the Court as to responsive pleadings. Defendants, in their official capacity, are hereby advised that, in the event Plaintiff renews his request for a default and default judgment, the Court may take into account such failures for the purpose of determining whether Defendants have acted to defend the action, and if not, whether the neglect could be considered excusable.

---

[1] Fed. R. Civ. P. 12(a)(1).

[2] Fed. R. Civ. P. 55.

[3] *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1993) (upholding default judgment).

[4] *See Hamstein Music Co. v. Bait Shack, Inc.*, 2001 WL 709402, at *1 (D. Kan. 2001) (citing Fed. R. Civ. P. 60(b)).

**IT IS ACCORDINGLY ORDERED** that Plaintiff's Motion for Relief (Doc. 24) is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated this 4th day of April, 2023.

*/s/ Eric F. Melgren*
ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE