IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MIKE ALLEN, ) <br>       Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KRAIG KNOWLTON, Director of ) <br> Personnel Services, Kansas Department ) <br> of Administration; Angie Krahe, ) <br>       Defendants ) <br> _____) | Case No. 2:22-cv-04049-EFM-KGG |

## **BRIEF IN SUPPORT OF MOTION TO DISMISS**

COME NOW the Defendants, Kraig Knowlton and Angie Krahe, in their official capacities, and submit the following brief in support of their Motion to Dismiss filed simultaneously herewith.

### **Arguments and Authorities**

Plaintiff's complaint asserts a claim against Defendants in their official capacities. "Alternatively, Plaintiff may be seeking recovery against the State of Kansas." (Doc. 14, p. 3); "The Court further determined that Plaintiff's claims could be construed in substance as claims against Defendants in their official capacities…" (Doc. 22, p. 1); "As noted in the Court's prior Order, the pro se Plaintiff's complaint may be taken to state a claim against Defendants Knowlton and Krahe in their official as well as their individual capacities." (Doc. 22, pp. 2-3); "Further, the Court found that Plaintiff's Complaint was most fairly interpreted to advance claims against Defendants solely in their official capacities, and thus was in essence a claim against the State of Kansas." (Doc. 28, p. 1).

The only relief requested in the Complaint is monetary damages. (Doc. 1, p. 4). "Here,

1

Plaintiff's Complaint seeks "[t]he base dollar amount: $75,000,"…" (Doc. 14, p. 4).

> "The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity." (citations omitted).

*Bellamy v. Kansas*, 2023 WL 2498919, at *7 (D. Kan. Mar. 14, 2023)

> ""The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Wagoner Cnty. Rural Water Dist. No. 2. v. Grand River Dam Auth.,* 577 F.3d 1255, 1258 (10th Cir.2009). And because "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity," the Eleventh Amendment provides immunity "when [s]tate officials are sued for damages in their official capacity." *Kentucky v. Graham,* 473 U.S. 159, 166, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)."

*Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013)

> "The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." This Amendment creates an immunity that "accord[s] states the respect owed them as joint sovereigns," "applies to any action brought against a state in federal court, including suits initiated by a state's own citizens," and "applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co. v. Agricultural Ins. Co.,* 507 F.3d 1250, 1252 (10th Cir.2007). "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). " 'The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state.' " *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir.2013) (quoting *Wagoner County Rural Water Dist. No. 2 v. Grand River Dam Authority,* 577 F.3d 1255, 1258 (10th Cir.2009)).

*Martin Marietta Materials, Inc. v. Kansas Dep't of Transp.*, 953 F. Supp. 2d 1176, 1184–85 (D. Kan. 2013), aff'd, 810 F.3d 1161 (10th Cir. 2016)

> "An effectively raised Eleventh Amendment defense deprives a court of subject-matter jurisdiction. *Harris v. Owens*, 264 F.3d 1282, 1288 (10th Cir. 2001)."

*Richeson v. Weiser*, 2023 WL 2003396, at *1 (10th Cir. Feb. 15, 2023)

**Conclusion**

Pursuant to the above cited authorities, Plaintiffs lawsuit against these Defendants in their official capacities is actually a suit against the State of Kansas. Eleventh amendment immunity applies to bar all claims asserted in the Complaint, and this Court lacks subject matter jurisdiction.

WHEREFORE, for the above and foregoing reasons, Defendants, Kraig Knowlton and Angie Krahe, in their official capacities, respectfully request that this motion be granted and an order entered dismissing Plaintiff's Complaint, and for such other relief as the Court deems just and equitable.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
KRIS KOBACH

*/s/ Stanley R. Parker*
Stanley R. Parker, KS #10971
Assistant Attorney General/Trial Counsel
Civil Litigation Division
Complex Tort Defense Unit
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas, 66612-1597
Phone: (785) 368-8423
Fax:    (785) 291-3767
Email: stanley.parker@ag.ks.gov
*Attorney for Defendants in their Official Capacities*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April, 2022, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent electronic notice to counsel of record and to Plaintiff, by US Mail, postage prepaid as follows:

Mike Allen
1301 S. Ida St.
Wichita, KS  67211
*Plaintiff Pro se*

                                                      */s/ Stanley R. Parker*
                                                      Stanley R. Parker