## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MIKE ALLEN,

        *Plaintiff,*

  vs.

KRAIG KNOWLTON and ANGIE KRAHE,
in their official capacities,

        *Defendants.*

Case No. 22-4049-EFM

## MEMORANDUM AND ORDER

Pro se Plaintiff Mike Allen alleges two hiring agents of the State of Kansas, Defendants Angela Krahe and Kraig Knowlton, violated his rights when they did not hire him for employment by the State.  The State has moved to dismiss the action, invoking immunity under the Eleventh Amendment.  (Doc. 46).  At the same time, Plaintiff has filed a Motion for Relief, asking for an award of damages.  (Doc. 39).  The Court finds that the action is barred by the Eleventh Amendment, grands the Defendants' Motion to Dismiss, and denies Plaintiff's Motion for Relief.

### I.      Factual and Procedural Background

Plaintiff's September 22, 2022 Complaint alleges that he "registered self data with the state 12 years ago," but that since then "he has been apllying [sic] for emaployment [sic]" but has been refused because of "bias in the selection process."  Plaintiff explains he is "a 58 years old,

disabled and law abiding citizen."  He complains that Knowlton was "blunt" in responding to his request for employment.  Although the Complaint mentions a variety of federal laws, the only specific form of discrimination stated as occurring in the hiring process is the single statement that "Age discrimination in employment is unlawful (29 U.S.C. §SEC 623)."

In an attachment to the Complaint, Plaintiff states that he left numerous voice mails with Knowlton, the Director of Personnel Services for the State of Kansas about his employment applications.  Knowlton "was inconsiderate," and "ignored" these messages.  In June of 2022, Plaintiff employed legal counsel, who wrote the Office of Personnel Services on behalf of Allen, and explained his client's history of job applications.  Counsel asked that if the Office had any contrary information, it should forward the same to counsel in writing.

After Plaintiff continued with attempts to contact him, Knowlton responded that he could not respond as any further communications should come through his attorney.   Plaintiff complains that Defendants persisted in this view even after he informed them that counsel no longer represented him.

Originally, the Complaint was incorrectly served on Defendants Krahe and Knowlton as if the action was advanced against them as individuals.  Plaintiff subsequently moved for default because the named Defendants failed to respond, but the Court denied the request, finding that the Complaint presented claims against those Defendants only in their official capacities.  As a claim essentially against the State of Kansas, the Court directed that the State be served by delivery of the Complaint to the Office of the Kansas Attorney General.

Following service, the State has appeared on behalf of Defendants, and moved to dismiss the action.

## II.    Legal Standard

Under Rule 12(b) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a claim if the court lacks subject-matter jurisdiction[1] or if the complaint fails "to state a claim upon which relief can be granted."[2]  "If a claim brought to the federal court is outside the Court's jurisdiction, the case cannot be heard, and the claim must be dismissed."[3]

## III.    Analysis

Defendants argue that Plaintiff's claims against them are barred by the Eleventh Amendment.  The Eleventh Amendment grants immunity to the states from "any suit in law or equity, commenced or prosecuted" by their own citizens.[4]  This includes actions for damages against state agencies and officials acting in their official capacities.[5]  Congress may abrogate Eleventh Amendment immunity "when it both unequivocally intends to do so and act[s] pursuant to a valid grant of constitutional authority."[6]  Absent such abrogation, the defense of sovereign immunity is applicable unless Kansas has waived the defense or Plaintiff "seeks only prospective injunctive or declaratory relief against state officials for an ongoing violation of federal law."[7]

---

[1] Fed. R. Civ. P. 12(b)(1).

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Goico v. Kansas*, 2020 WL 3034814, at *2 (D. Kan. 2020).

[4] U.S. CONST. amend. XI; *see also Guttman v. Khalsa*, 669 F.3d 1101, 1111 (10th Cir. 2012) (recognizing that "the Supreme Court has repeatedly held States are immune to unconsented suits brought by their own citizens as well.")..

[5] *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019) (citing *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013)).

[6] *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (citation and internal quotation marks omitted).

[7] *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (citation omitted).

The authorities cited by Defendants in support of Eleventh Amendment immunity only address the doctrine in the context of actions under 42 U.S.C. § 1983.[8]  Defendants are correct that Kansas has not waived sovereign immunity from § 1983 claims in federal district court[9] and "§1983 does not abrogate a state's sovereign immunity."[10]  Here, Plaintiff did not explicitly raise any claim under § 1983 in his original Complaint, although he has invoked it in his subsequent pleadings.  To the extent Plaintiff presents a claim against Defendants in their official capacities under that statute, it is barred by the Eleventh Amendment.

The result is the same for the only specific claim of discrimination advanced in the Complaint, that of age discrimination.  The Supreme Court has determined that the Eleventh Amendment precludes claims under the Age Discrimination in Employment Act (ADEA) against the states.[11]

As noted earlier, Plaintiff mentions in passing in his complaint that he is "disabled," but does not specifically explain how this may have affected Defendants' rejection of his employment applications.  Even assuming Defendant presented an otherwise actionable claim for

---

[8] *See Peterson v. Martinez*, 707 F.3d 1197, 1205 (10h Cir. 2013); *Bellamy v. Kansas*, 2023 WL 2498919, at *7 (D. Kan. 2023).

[9] *Wendt v. Univ. of Kan. Med. Ctr.*, 274 Kan. 966, 59 P.3d 325, 335 (2002) (holding that Kansas "has not waived its sovereign immunity from suits seeking damages" under § 1983) (quoting *Beck v. Kan. Adult Auth.*, 241 Kan. 13, 735 P.2d 222, 229 (1987)).

[10] *Muscogee Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) (citation omitted).

[11] *Kimel v. Florida Bd. of Regents*, 120 S.Ct. 631, 650 (2000).  *See Overfield v. Kansas*, 2022 WL 2072723, at *3 (D. Kan. 2022) ("Kansas is immune from discrimination suits under the ADEA [because] Congress has not abrogated Eleventh Amendment immunity from ADEA claims and Kansas has not voluntarily waived its Eleventh Amendment immunity").

disability discrimination under the Americans Disability Act (ADA), it too would be barred by the Eleventh Amendment.[12]

The Court notes that Plaintiff does mention Title VII in the list of federal statutes supposedly violated by Defendants, and the courts have determined that Congress validly abrogated the states' Eleventh Amendment immunity for claims arising under that statute.[13] But, as noted earlier, the only specific form of discrimination advanced in the Complaint is age discrimination. "Courts have explicitly held that Title VII does not cover age . . . discrimination claims."[14] As the only specific form of discrimination described in the Complaint is age-based discrimination, and the states are immune from damages actions under the ADEA, the present action is subject to dismissal.

Plaintiff's response does not directly address the issue of Eleventh Amendment immunity, other than implying that his claim was not solely a request for damages. That is, he complains that counsel for the State "never contacted Plaintiff to remedy the problem," and that he "preferred 'Employment' over Relief.' " He complains that Defendants filed the motion to dismiss without giving "any consideration to hiring Plaintiff nor to produce in Court an inclusive plan with respect to hiring applicants at the state of Kansas." The response also references an earlier February 7, 2023 submission by Plaintiff in support of his request that the Court enter

---

[12] *Bd. of Trs. v. Garrett*, 531 U.S. at 360; *Patillo v. Larned State Hosp*., 462 F. App'x 780, 782 (10th Cir. 2012).

[13] *See Fitzpatrick v. Bitzer,* 427 U.S. 445, 449, n. 2 (1976); *Crumpacker v. Kan. Dep't of Human Resources*, 338 F.3d 1163, 1169 (10th Cir. 2003).

[14] *Clark v. City of Dublin*, 178 F. App'x 522, 524 (6th Cir. 2006) (citations omitted).

default judgment against the State "unless the defendants are willing to correct the mistake made in the hiring process."

"But [it is] the complaint [that] controls the claims in this case."[15]  And the Complaint precludes any suggestion that Plaintiff was seeking some form of injunctive relief instead of damages.  The Complaint unequivocally states, under the section devoted to "Relief," that Plaintiff's "prospects for employment with the state are null."  Because of this nullity, the Complaint identifies as the Relief requested:  "The base dollar amount:  $75,000."

Further, the February 7 pleading referenced by Plaintiff merely indicated that while he would be willing hypothetically to settle for employment, his specific request from the Court was simply for a judgment in the form of monetary damages.  And Plaintiff's Motion for Default Judgment again specifically alleged that his  "prospects for employment with the state of Kansas are nil."  Similarly, in his Motion for Relief (Doc. 39) filed on April 12, 2023, Plaintiff respectfully asks the Court to award him "$50,000 for his loss."

Plaintiff has never asked the Court for injunctive relief, and indeed has taken position that employment with the state is impossible.  The only form of relief which Plaintiff has asked the Court to award is monetary damages.  That form of relief is barred by the Eleventh Amendment.

---

[15] *G.D. ex rel. A.D. v. Lansing Unified Sch. Dist. #469*, 2108 WL 5724042, at  *7 n. 9 (D. Kan. 2018).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 46) is hereby **GRANTED**;

**IT IF FURTHER ORDERED** that Plaintiff's Motion or Relief (Doc. 39) asking for an award of damages is **DENIED**.

**IT IS SO ORDERED**.

Dated this 17th day of May, 2023.

This closes the case.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE